Manly, J.
 

 The evidence offered and rejected, which is the basis of the exceptions, could only be pertinent to the issue, on the supposition that the
 
 disparaging declarations
 
 were communicated to the testatrix, or upon the supposition that the making of such, under the circumstances, justify the inference that similar ones were made by the parties, to the testatrix. The point, upon which the admissibility hung, was the probable influence on the mind of the testatrix.
 

 
 *298
 
 Upon the first supposition, they are clearly inadmissible, for the reason that the connexions of the family, to whom they were-made, might have been called to establish, positively, what the party wished to be left to inference ; and as they were not called, the legal presumption is, they would not prove the alleged communications.
 

 Upon the second supposition, the declarations seem to be alike inadmissible, for want of connection between the premises and conclusion. The propounder and wife and the testatrix lived together as one family. To connexions, outside of the family, the former made disparaging declarations, and, therefore, they made them to -testatrix. The inference is not natural or reasonable, but is, at best, only conjectural. It is no evidence of the making of a declaration to a proposed person, to shew that it was made to another, though equally con-convenient. The repetition of it, frequently to others, raises a chance that it may have been said to the person in question, but yet, it rests on.a calculation of chances merely, and is but a remote possibility. Under the special circumstances of our case, the evidential declarations could justify nothing higher, by way of inference, than a conjecture or suspicion; and these, according to well established principles, are entitled to no weight.
 

 In connection with this view, we will call attention to what was said by the Court, in the case of the
 
 /State
 
 v. Henry, 5 Jones’ Rep. 70. The case did not go off upon that point, but it was yet held to be clear law, that a remarkable occurrence, which took place in the presence of his fellow-servants on the plantation, could not be evidence in the prisoner’s favor for any purpose,
 
 beeause there was no evidence that it had been communicated to him.
 
 An inference, however, to that effect, would have been quite as probable in that case as in this.
 

 Only direct proof, touching the issues in a cause, or proof of such circumstances, or collateral facts, as will justify a reasonable inference, bearing upon the issues, is admissible. To allow a wider latitude, in the selection of matter for proof, would .place courts and juries under influences foreign to, the special
 
 *299
 
 merits of a case, and bring about results in the trial of our cases, based upon irrelevant considerations, and unjust in respect to the particular controversy on hand.
 

 The purport of the declarations offered, is not set forth,, further than to state, in general terms, that they were “ disparaging.” "Whether they were such as to be reiterated in the presence of the testatrix, would depend upon their
 
 nature
 
 and
 
 the.occasions
 
 upon which they were uttered.
 

 ITasty and injurious expressions, used upon occasions of supposed provocation, would not probably be repeated; it is very improbable, indeed, that they would be. And yet, in the absence of information on this point, it is the hypothesis most likely to be
 
 true
 
 / and thus the connection between the evidential matter and the point to be proved, is made still more, remote.
 

 This last consideration suggests another objection to- the evidence.
 

 The propounders of the will, and those interested in propounding it, may be supposed ready with such means as they can command, to repel and explain any proofs as to direct or indirect influences, brought by them to bear upon the mind of the testatrix; but no such readiness could be expected on the part of the propounders, to meet the proofs in question, by counter-proofs; to explain casual conversations, with connexions, on various occasions, so as to rebut inferences, from them, contrary to the truth. With respect to these, it surely could not be expected that they would be forearmed, because they are too remote to be foreseen. There is no error.
 

 Per Curiam,
 

 Judgment affirmed.